# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10CR3044 WQH |
| Plaintiff, | |
| vs. | |
| (10) Jesus Quinones MARQUEZ, | ORDER |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the order to show cause in writing why the ex parte proffer in support of the motion for depositions should not be unsealed in order to allow the Plaintiff to file a further response.

On August 29, 2011, Defendant filed a motion for depositions. (ECF No. 872). Defendant moves the Court pursuant to Fed. R. Crim. P. 15(a) "for the depositions in Mexico of three unnamed witnesses." *Id.* Defendant asserts that the testimony of these witnesses is necessary to prevent an injustice and the witnesses are "presently unavailable to testify at trial in the United States." (ECF No. 872 at 2). In support of the motion, Defendant filed an *Ex Parte* Proffer in Support of Motions for Depositions Submitted Under Seal."

On September 12, 2011, the Plaintiff United States of America filed a response to the motion for depositions. The United States objected to the filing of the offer of proof under seal. The Government asserts that the Government should be allowed a full opportunity to challenge the motion for depositions. The Government asserts that the Defendant has not established exceptional circumstances requiring a foreign deposition and that safety of United

1 States officials would be compromised by requiring travel to Mexico.

2 On September 29, 2011, the Court held a hearing on the motion. (ECF No. 976).

3 On September 30, 2011, the Court entered an order requiring the Defendant to "show cause in writing no later than October 7, 2011 as to why the ex parte proffer in support of the motion for depositions should not be unsealed in order to allow the Plaintiff to file a further response." (ECF No. 978).

On October 11, 2011, Defendant filed a memorandum in response to the order to show cause. Defendant contends that the Federal Rules of Criminal Procedure authorize the filing of under seal documents, and that the Court has the inherent authority to rule on the motion for depositions based upon an under seal proffer. Defendant further asserts that the defense should be permitted to file a redacted or alternative public filing in support of the motion, redacting clear trial strategy information and the defense investigation. ECF No. 990.

### RULING OF THE COURT

"Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in a criminal case and explicitly states that such depositions will be reserved for "exceptional circumstances [where] it is in the interest of justice that the testimony of a prospective witness ... be taken and preserved for use at trial...." *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). "[T]he facts of each case must be separately considered to determine whether the exceptional circumstances contemplated by Rule 15(a) exist...." *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1569 (9th Cir. 1989). The Court must consider the unavailability of the witnesses, the good faith efforts to obtain the presence of the witness at trial, whether the movant has demonstrated that the expected testimony would be favorable, and whether the deponents would be available for deposition and willing to testify. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995). "The Court should also consider whether the safety of United States officials would be compromised by going to the foreign location." *Olafson*, 213 F.3d *at 442, citing United States v. Omene*, 143 F.3d 1167, 1169–70 (9th Cir.1998).

In this case, the Court concludes that the determination of exceptional circumstances

and safety of government officials cannot be made without an informed response from the United States. The identity of the witnesses, the unavailability of the witnesses for testimony at trial, the willingness of the witnesses to testify, and a general description of their testimony are necessary for Government to provide an informed response. Without an informed response, the Court cannot determine whether Defendant has met the burden of showing exceptional circumstances[1] and whether the safety of United States officials can be assured.[2]

The Court will not order the *Ex Parte* Proffer in Support of Motions for Depositions Submitted Under Seal unsealed at this stage in the proceedings. However, the Defendant is ordered to file a redacted offer of proof in support of the motion no later than October 24, 2011. The Government may file a supplemental response to the motion for depositions no later than October 31, 2011. Defendant may file a reply to the supplemental response no later than November 7, 2011. The Court will schedule a hearing thereafter.

DATED: October 17, 2011

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge

---

[1] There is no requirement to show exceptional circumstances under Rule 17 and this is not a discovery matter under Rule 16.

[2] No case relied upon by Defendant in support of his position that the Court should decide the motion based upon ex parte under seal submissions involved safety concerns.