# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10cr3044WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| KEVIN LUIS (43), | |
| Defendant. | |

HAYES, Judge:

The following motions filed by the Defendant Kevin Luis are pending: 1) the motion to produce wiretaps, to produce and preserve discovery and suppress statements and evidence (ECF No. 258); 2) the supplemental motion for discovery (ECF No. 1304); and 3) the motion to dismiss the indictment and suppress evidence/statements (ECF No. 1372).

<u>Motion to produce wiretaps, to produce and preserve discovery and suppress statements[1] and evidence</u> (ECF No. 258)

Defendant seeks discovery of his statements, reports relating to his arrest, and material under *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant further seeks an order directing the Government to disclose the identity of CI-1. The Government states that the relevant discovery and the identity of CI-1 was provided to Defendant Luis over a year and a half ago.

In the United States's Response to Defendant Motions filed on January 19, 2011, the

---

[1] Government stated in pleading filed on September 12, 2011 that "the Government does not intend to introduce Luis' post-arrest statements." (ECF No. 931 at 68).

Government stated:

> On September 14, 2010, the Government produces approximately 99,117 pages of written discovery and 193 DVDs to the defendants. This discovery was provided to each defendant on a single (searchable) external hard drive. The documents and DVDs include: (1) all conversations intercepted pursuant to court-authorized wiretaps; (2) pleadings submitted to obtain court orders authorizing electronic surveillance; (3) wiretap "line sheets," which are hyperlinked to the corresponding intercepted conversation(s); (4) a copy of each defendant's post-arrest statements' (5) copies of all items seized during the execution of search warrants; (6) orders authorizing the tracking of various cellular phones; (7) photographs taken at the various search locations; (8) law enforcement investigative reports; and (9) video and audio tapes of consensually recorded conversations."

ECF No. 553 at 2. The record shows that the identity of CI-1 was disclosed to Defendant Luis in discovery relating to consensual audio/video recordings along with the line sheets from the wiretaps more than a year and a half ago.[2] Based upon the record, the Court concludes that the Government has complied with its discovery obligations.

The motion to produce wiretaps, to produce and preserve discovery and suppress statements and evidence (ECF No. 258) is denied.

Supplemental motion for discovery (ECF No. 1304)

Defendant requests "any and all files concerning Defendant Kevin Luis, CI1, as well as any co-defendants who may be used at trial against Mr. Luis." (ECF No. 1304 at 3). Defendant requests the records of all of CI-1's illegal conduct during the pendency of this case, the prison records of CI-1, all recordings of the wire placed on CI-1 and his vehicle, the substance abuse history of CI-1, and all polygraph results concerning CI-1, access to the phone and computer of CI-1. Defendant requests the results of any fingerprints or DNA tests taken on any of the items seized from his person or home, and all TECS records pertaining to his entry to and from the United States into Mexico.

The Government asserts that it has complied with its obligations under Rule 16 of Federal Rules of Criminal Procedure, *Brady*, *Giglio,* and *Jencks.* The Government has stated that it does not intend to call CI-1 as a witness at trial and that the Defendant has not identified

---

[2] While the Defendant Luis was not intercepted on any of the wiretaps or named in any of the wiretap orders, the Government produced video and audio tapes of consensually recorded conversations involving Defendant Luis.

further relevant discovery related to CI-1. The Government further states that Defendant's computers and phones seized in this case have been available for review at the defense counsel's convenience for the past year and one half.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violated due process where the evidence is material either to guilt or to punishment..." 373 U.S. at 87. Evidence impeaching the testimony of a government witness falls within the *Brady* rule when the reliability of the witness may be determinative of guilt or innocence. *See Giglio v. United States,* 405 U.S. 150, 154 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985); and *Strickler v. Greene*, 527 U.S. 263, 280 (1999). The record shows that Government has disclosed the identity of CI-1 and all recordings of the wire placed on CI-1 and his vehicle, and that CI-1 was not subject to polygraph during the course of this investigtion. The Government will not call CI-1 as a witness at trial and has no obligation to provide impeachment materials.[3] On August 30, 2011, the Government made an early production of potential *Jencks* material in the form of 78 CDs containing audio-recording of debriefs with the Government's confidential informants. (ECF No. 1371 at 3). On January 24, 2012, the record shows that the Government produced *Giglio* material in the form of plea agreements and cooperation addendums of its cooperating witnesses. (ECF No. 1371 at 4). The record shows the Government does not intend to use any TECS reports in its case-in-chief. Based upon the record in this case, the Government has complied with its discovery obligations at this stage in the proceedings.

Defendant's supplemental motion for discovery (ECF No. 1304) is denied.

<u>Motion to dismiss the indictment and suppress evidence/statements</u> (ECF No. 1372)

Defendant moves the Court to dismiss the indictment on the grounds that CI-1 committed criminal activity during the investigation of this case and "the Government has hidden this material information." (ECF No. 1372 at 4). The Government states that "the CI-1 was arrested on July 13, 2010, just 9 days before the takedown in this case." (ECF No. 1452

---

[3] Defendant has been provided with the location of CI-1 as requested.

1 | at 3).

Dismissal of an indictment is warranted where outrageous law enforcement conduct violates due process. *United States v. Ross*, 372 F.3d 1097, 1107 (9th Cir. 2004). Even where no due process violation exists, a federal court may dismiss an indictment pursuant to its supervisory powers. *Bank of Nova Scotia v. United States*, 487 U.S. 255 (1988). To justify exercise of the court's supervisory powers, prosecutorial misconduct must (1) be flagrant and (2) cause substantial prejudice. *Ross*, 372 F.3d at 1110. The Court concludes that there are no facts alleged by the Defendant which would show flagrant government misconduct or prejudice to the Defendant. Defendant's motion to dismiss the indictment is denied.

Defendant asserts that any body wire recordings in this case should be suppressed on the grounds that a warrant is required from a neutral judicial officer before an informant may record a conversation. The Government asserts that no warrant is required because CI-1, one of the participants in each of those conversations, consented to those recordings. There is no warrant requirement for consensual recording of a conversations by an informant. *See United States v. Clark*, 883 F.2d 662, 698 (9th Cir. 1989), *cert. denied,* 111 S.Ct. 751 (1991). Consensual recordings are not subject to the wiretap requirements in the Title III of the Omnibus Crime Control and Safe Streets Act of 1968. *See* 18 U.S.C. Section 2511(2)(d). Defendant's motion to suppress the body wire recordings is denied.

IT IS HEREBY ORDERED that 1) the motion to produce wiretaps, to produce and preserve discovery and suppress statements and evidence (ECF No. 258) is denied; 2) the supplemental motion for discovery (ECF No. 1304) is denied; and 3) the motion to dismiss the indictment and suppress evidence/statements (ECF No. 1372) is denied.

DATED: February 10, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge